# EXHIBIT A

**COPY**

# SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
Court of Common Pleas, Medina County, 93 Public Square, Medina, OH 44256

**Case #: 19CIV1060**

To the following:

**YOUQUAN WU**
**8585 FOUNDERS GROVE COURT**
**CHINO, CA 91708**

You have been named as defendant in a complaint filed in the Medina County Court of Common Pleas by the following plaintiff: DEVIN NICOL

A COPY OF THE COMPLAINT IS ATTACHED HERETO

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within **twenty-eight (28) days** after the service of this summons upon you, excluding the date of service. Your answer must be filed with the court within **three (3) days** after the service of a copy of the answer on the plaintiff's attorney, or upon the plaintiff if there is no attorney of record.

The name and address of the plaintiff's attorney is as follows:

**J PIERRE TISMO**
**DYER GAROFALO MANN & SCHULTZ**
**131 N LUDLOW STREET STE 1400**
**DAYTON, OH 45402**

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint.



**DAVID B. WADSWORTH**
Clerk of Courts

11/4/2019

By: **AP**, Deputy Clerk



COPY

COMMON PLEAS COURT

2019 OCT 30 PM 2: 37

FILED
DAVID B. WADSWORTH
MEDINA COUNTY
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF MEDINA COUNTY, OHIO
### CIVIL DIVISION

| | |
|---|---|
| **Devin Nicol** <br> 10 N. Limestone Street <br> Jamestown, OH 45335 | CASE NO. **19CIV1060** <br><br> JUDGE: CHRISTOPHER J. COLLIER, JUDGE |
| And | |
| **Jeannie Nicol** <br> 10 N. Limestone Street <br> Jamestown, OH 45335 | |
| Plaintiffs. | |
| Vs. | **COMPLAINT FOR PERSONAL INJURIES WITH JURY DEMAND ENDORSED HEREON** |
| **Tinyu Transportation, Inc.** <br> 939 Whitecliff Drive, <br> Diamond Bar, CA 91765 | |
| And | |
| **Youquan Wu** <br> 8585 Founders Grove Court <br> Chino, CA 91708 | |
| And | |
| **Geico Insurance Company** <br> One Geico Center <br> Macon, GA 31296 | |
| And | |
| **USAA Insurance Company** <br> 9800 Fredericksburg Road <br> San Antonio, TX 78288 | |
| Defendants. | |

COPY

## FIRST CLAIM FOR RELIEF

1. On or about November 06, 2017, Plaintiff, Devin Nicol, (hereafter "Plaintiff Devin"), was operating his motor vehicle which Jeannie Nicol (hereafter "Plaintiff Jeannie") was a passenger in, traveling in a northbound direction on Interstate 71, in the Township of Guilford, Medina County, Ohio, when Defendant, Youquan Wu (hereafter "Defendant Wu"), an uninsured/underinsured motorist, who was operating a semi-truck with trailer in the scope and course of his employment, traveling in a northbound direction on Interstate 71, negligently failed to maintain an assured clear distance from the Plaintiff's motor vehicle, thereby rear-ending the Plaintiffs' vehicle and ultimately separating the Plaintiffs' trailer from their vehicle.

2. At all times, Defendant, Tinyu Transportation, Inc. (hereafter "Defendant Tinyu"), negligently entrusted the vehicle to Defendant Wu, an inexperienced and incompetent driver, and/or was acting on his/her behalf as principal agent, and therefore is liable vicariously.

3. At all relevant times, Defendant Wu was in the employ of Defendant, Tinyu and was acting as an agent of Defendant, Tinyu., at the time of the accident.

4. Defendant Tinyu as principal is vicariously liable for Defendant Wu.

5. At all relevant times, Defendant Tinyu, negligently hired and/or retained and/or supervised and/or failed to properly train Defendant Wu.

6. At all relevant times, Defendant, Tinyu, was negligent per se for violations of Federal Motor Vehicle Carrier Regulations, including, but not limited to: failing to follow the regulations by its hiring of an incompetent driver; by its retention of an incompetent driver; by its failure to supervise its driver; and by its failure to properly train its driver.

7. Defendant Tinyu's actions were done with actual malice in a wanton, and reckless manner evidencing a conscious disregard for the rights and safety of other persons and having a great probability of causing substantial harm.

8. Defendant Wu's actions were done with actual malice in a wanton, and reckless manner evidencing a conscious disregard for the rights and safety of other persons and having a great probability of causing substantial harm.

9. As the proximate result of the negligence of Defendants, Tinyu and Wu, Plaintiff Devin Nicol sustained injuries and damages as follows:

    a. Severe and permanent injuries with substantial physical deformity and loss of use;

    b. Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

COPY

    c.    Reasonable and necessary medical expenses in excess of $17,703.85, as well as further medical expenses to be incurred in the future;

    d.    Past and future lost wages and/or destruction of potential earning capacity;

    e.    Miscellaneous out of pocket expenses in an amount yet to be determined;

    f.    Property damage.

10. As the proximate result of the negligence of Defendant Tinyu and Wu, Plaintiff Jeannie Nicol sustained injuries and damages as follows:

    a.    Severe and permanent injuries with substantial physical deformity and loss of use;

    b.    Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

    c.    Reasonable and necessary medical expenses in excess of $18,222.00 as well as further medical expenses to be incurred in the future;

    d.    Past and future lost wages and/or destruction of potential earning capacity;

    e.    Miscellaneous out of pocket expenses in an amount yet to be determined.

    f.    Property damage.

11. The aforesaid negligence and recklessness of Defendants Tinyu and Wu was the direct and proximate cause of the injuries and damages to Plaintiffs.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demand judgment against the Defendants, Tinyu and Wu, in an amount in excess of $25,000.00, punitive damages in excess of $25,000.00, plus interest and the cost of this action.

### SECOND CLAIM FOR RELIEF

12.    Plaintiffs incorporate each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

13.    Plaintiff, Jeannie Nicol, is the wife of Plaintiff, Devin Nicol.

14.    As a proximate result of the occurrence as set forth in the First Claim for Relief, Plaintiff, Jeannie Nicol, has lost the services, society, companionship, comfort, love and solace of her husband, Plaintiff, Devin Nicol.

COPY

15. The aforesaid negligence of Defendants, Tinyu and Wu, was the direct and proximate cause of the injuries and damages to Plaintiffs.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demand judgment against the Defendants, Tinyu and Wu, jointly and severally, in an amount in excess of $25,000.00, plus interest and the costs of this action.

### THIRD CLAIM FOR RELIEF

16. Plaintiffs incorporate each and every allegation contained in the First and Second Claims for Relief as though fully rewritten herein.

17. Plaintiff, Devin Nicol, is the husband of Plaintiff, Jeannie Nicol.

18. As a proximate result of the occurrence as set forth in the First Claim for Relief, Plaintiff, Devin Nicol, has lost the services, society, companionship, comfort, love and solace of his wife, Plaintiff, Jeannie Nicol.

19. The aforesaid negligence of Defendants, Tinyu and Wu, was the direct and proximate cause of the injuries and damages to Plaintiffs.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demand judgment against the Defendants, Tinyu and Wu, jointly and severally, in an amount in excess of $25,000.00, plus interest and the costs of this action.

### FOURTH CLAIM FOR RELIEF

20. Plaintiffs incorporate each and every allegation contained in the First, Second, and Third Claims for Relief as though fully rewritten herein.

21. Plaintiffs, Devin Nicol and Jeannie Nicol, bring this action for uninsured/underinsured motorist coverage, pursuant to Section 3937.18 Revised Code and for Declaratory Judgment pursuant to Sections 2721.01 through 2721.15 Revised Code.

22. Defendant, Geico Insurance Company, is a corporation authorized to do the business of insurance within the County of Medina, State of Ohio.

23. On November 6, 2017 Plaintiff was injured and received damages as a result of the negligence of Defendant, Geico Insurance Company, an uninsured/underinsured motorist, as set forth in the First Claim for Relief.

24. On November 6, 2017 Plaintiff was insured under a policy of automobile insurance which contained uninsured/underinsured motorist coverage. Plaintiff is not in possession of a complete copy of said policy.

25. Plaintiffs have made a claim for uninsured/underinsured motorist coverage under Defendant, Geico Insurance Company's, policy of insurance.

COPY

26. Plaintiffs have cooperated with Defendant, Geico Insurance Company, with respect to the claim for uninsured/underinsured motorist coverage and have complied with all applicable terms and conditions of Defendant, Geico Insurance Company's automobile policy of insurance.

27. Plaintiff has demanded payment of underinsured motorists coverage pursuant to Defendant, Geico Insurance Company's automobile liability policy of insurance and/or general liability insurance policy as a result of Plaintiff's injuries and damages as referred to in Paragraph 2, but Plaintiff and Defendant, Geico Insurance Company have not been able to agree as to whether Plaintiff is legally entitled to recover damages or the amount of damages pursuant to conditions of the underinsured motorist provision of Defendant, Geico Insurance Company's automobile liability policy of insurance and/or general liability insurance policy.

28. Defendant, Geico Insurance Company has failed and refuses to make payment under the terms of the under insured motorist provisions of its automobile liability policy of insurance and/or general liability insurance policy.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demand judgment against Defendant, Geico Insurance Company in an amount in excess of $25,000.00, in accordance with the terms and conditions of Plaintiff's policy of insurance with this Defendant and O.R.C. §2721.01 through 2721.15 and §3937.18 together with pre-judgment interest and the cost of this action.

## FIFTH CLAIM FOR RELIEF

29. Plaintiffs incorporate each and every allegation contained in the First, Second, Third, and Fourth Claims for Relief as though fully rewritten herein.

30. Plaintiffs, Devin Nicol and Jeannie Nicol, bring this action for uninsured/underinsured motorist coverage, pursuant to Section 3937.18 Revised Code and for Declaratory Judgment pursuant to Sections 2721.01 through 2721.15 Revised Code.

31. Defendant, USAA Insurance Company, is a corporation authorized to do the business of insurance within the County of Medina, State of Ohio.

32. On November 6, 2017 Plaintiff was injured and received damages as a result of the negligence of Defendant, USAA Insurance Company, an uninsured/underinsured motorist, as set forth in the First Claim for Relief.

33. On November 6, 2017 Plaintiff was insured under a policy of automobile insurance which contained uninsured/underinsured motorist coverage. Plaintiff is not in possession of a complete copy of said policy.

34. Plaintiffs have made a claim for uninsured/underinsured motorist coverage under Defendant, USAA Insurance Company's, policy of insurance.

COPY

35. Plaintiffs have cooperated with Defendant, USAA Insurance Company, with respect to the claim for uninsured/underinsured motorist coverage and have complied with all applicable terms and conditions of Defendant, USAA Insurance Company's automobile policy of insurance.

36. Plaintiffs have demanded payment of underinsured motorists coverage pursuant to Defendant, USAA Insurance Company's automobile liability policy of insurance and/or general liability insurance policy as a result of Plaintiff's injuries and damages as referred to in Paragraph 2, but Plaintiff and Defendant, USAA Insurance Company have not been able to agree as to whether Plaintiff is legally entitled to recover damages or the amount of damages pursuant to conditions of the underinsured motorist provision of Defendant, USAA Insurance Company's automobile liability policy of insurance and/or general liability insurance policy.

37. Defendant, USAA Insurance Company has failed and refuses to make payment under the terms of the under insured motorist provisions of its automobile liability policy of insurance and/or general liability insurance policy.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demand judgment against Defendant, USAA Insurance Company in an amount in excess of $25,000.00, in accordance with the terms and conditions of Plaintiff's policy of insurance with this Defendant and O.R.C. §2721.01 through 2721.15 and §3937.18 together with pre-judgment interest and the cost of this action.

## SIXTH CLAIM FOR RELIEF

38. Plaintiffs incorporate each and every allegation contained in the First, Second, Third, Fourth, and Fifth Claims for Relief as though fully rewritten herein.

39. Plaintiffs bring this action for medical payments coverage, pursuant to Section 3937.18 Revised Code and for Declaratory Judgment pursuant to Sections 2721.01 through 2721.15 Revised Code.

40. Defendant, USAA Insurance Company, is a corporation authorized to do the business of insurance within the County of Medina, State of Ohio.

41. On November 6, 2017, Plaintiffs were injured and received damages as a result of the negligence of Defendant Youquan Wu, an uninsured/underinsured motorist, as set forth in the First Claim for Relief.

42. On November 6, 2017, Plaintiffs were insured under a policy of automobile insurance which contained medical payments coverage. Plaintiffs are not in possession of a complete copy of said policy.

43. Plaintiffs have made a claim for medical payments coverage under Defendant USAA Insurance Company's policy of insurance.

44. Plaintiffs have cooperated with Defendant with respect to the claim for medical payments coverage and has complied with all applicable terms and conditions of Defendant USAA Insurance Company's automobile policy of insurance.

COPY

45. Plaintiffs have demanded payment of medical payments coverage pursuant to Defendant Insurance Company' automobile liability policy of insurance and/or general liability insurance policy as a result of Plaintiffs' injuries and damages as referred to in Paragraphs 9 and 10, but Plaintiffs and Defendant USAA Insurance Company have not been able to agree as to whether Plaintiff is legally entitled to recover damages or the amount of damages pursuant to conditions of the medical payments provision of Defendant USAA Insurance Company's automobile liability policy of insurance and/or general liability insurance policy.

46. Defendant USAA Insurance Company has failed and refuses to make payment under the terms of the medical payment provisions of its automobile liability policy of insurance and/or general liability insurance policy.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demand judgment against Defendant, USAA Insurance Company in an amount in excess of $25,000.00, in accordance with the terms and conditions of Plaintiff's policy of insurance with this Defendant and O.R.C. §2721.01 through 2721.15 and §3937.18 together with pre-judgment interest and the cost of this action.

## SEVENTH CLAIM FOR RELIEF

47. Plaintiffs incorporate each and every allegation contained in the First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief as though fully rewritten herein.

48. Defendant USAA Insurance Company may have a subrogation claim in this matter by virtue of funds paid on behalf of the Plaintiffs pursuant to the medical payments coverage of the automobile insurance policy.

49. As a result, Defendant, USAA Insurance Company, may have a vested interest in the within action as a result of its claim to subrogation, if one so exists.

50. Defendant, USAA Insurance Company, is being joined in this action to defend and protect its claim of subrogation, if one so exists.

**WHEREFORE**, Plaintiffs, Devin Nicol and Jeannie Nicol, demands that Defendant, USAA Insurance Company, appear and represent its interests in this matter or be forever barred from pursuing its claim of subrogation, if one so exists.

## EIGHTH CLAIM FOR RELIEF

51. Plaintiffs incorporate each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief as though fully rewritten herein.

52. Defendant, Humana may have paid medical expenses on behalf of Plaintiff in connection with the injuries as set forth in the First Claim for Relief.

53. As a result, Defendant, Humana may have a vested interest in the within action as a result of its claim of subrogation, if one so exists.

54. Defendant, Humana is being joined in this action to defend and protect its claim of subrogation, if one so exists.

COPY

WHEREFORE, Plaintiff, Devin Nicol, demands that Defendant, Humana, appear and represent its interest in the within action or be forever barred from pursuing its subrogation claim, if one so exists.

### NINTH CLAIM FOR RELIEF

55. Plaintiffs incorporate each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief as though fully rewritten herein.

56. Defendant, Anthem Blue Cross and Blue Shield may have paid medical expenses on behalf of Plaintiff in connection with the injuries as set forth in the First Claim for Relief.

57. As a result, Defendant, Anthem Blue Cross and Blue Shield may have a vested interest in the within action as a result of its claim of subrogation, if one so exists.

58. Defendant, Anthem Blue Cross and Blue Shield is being joined in this action to defend and protect its claim of subrogation, if one so exists.

WHEREFORE, Plaintiff, Jeannie Nicol, demands that Defendant, Anthem Blue Cross and Blue Shield, appear and represent its interest in the within action or be forever barred from pursuing its subrogation claim, if one so exists.

Respectfully submitted,

DYER, GAROFALO, MANN & SCHULTZ

J. Pierre Tismo, Esq. (0067924)
Austin H. LiPuma, Esq. (0095750)
Attorneys for Plaintiffs
131 N. Ludlow Street, Suite 1400
Dayton, Ohio 45402
Phone: (937) 223-8888
Fax: (937) 824-8630
Email: ptismo@dgmslaw.com
Email: alipuma@dgmslaw.com

COPY

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

Respectfully submitted,

DYER, GAROFALO, MANN & SCHULTZ

*/s/ Pierre Tismo*

Y. Pierre Tismo, Esq. (0067924)
Austin H. LiPuma, Esq. (0095750)
Attorneys for Plaintiffs
131 N. Ludlow Street, Suite 1400
Dayton, Ohio 45402
Phone: (937) 223-8888
Fax: (937) 824-8630
Email: ptismo@dgmslaw.com
Email: alipuma@dgmslaw.com